```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

UNITED STATES OF AMERICA       :
                               :    NO. 1:08-CR-0032
                               :
                               :
     v.                        :    **OPINION AND ORDER**
                               :
                               :
                               :
CHRISTIAN PEARSON              :
                               :
                               :
                               :
                               :

This matter is before the Court on Defendant Christian Pearson's Motion to Suppress (doc. 12), and the government's response in opposition (doc. 13). The Court held a hearing on Defendant's motion on September 9, 2008. For the reasons stated herein, the Court GRANTS the instant motion.

**I. Background**

This matter pertains to the warrantless stop, and subsequent search of Defendant Christian Pearson by Cincinnati Police Officers on January 9, 2008, which Defendant contends was not justified and therefore violated his Fourth Amendment right to be free of unreasonable search and seizure. Defendant seeks to suppress the firearm, a loaded Hi-Point, Model CF, .380 caliber pistol, found in the glove compartment of the vehicle, any statements made after his arrest, and cocaine found on his person in a search during his in-processing.

The relevant facts, as drawn from the parties' briefs, as well

as the testimony and evidence submitted during the hearing, are as follows.  On January 9, 2008, two off-duty officers, Bode and Vogelpohl, observed a 1986 Chevrolet Caprice circle the block of Burnett Avenue, which the officers were patrolling, two times, an activity the officers considered consistent with narcotics trafficking.  The officers followed the Caprice west on Forest and then north on Vine Street.  At some point during the pursuit, the officers received information that Defendant, a person on parole, was connected to the vehicle, and while on Vine Street, observed an object, which was subsequently identified as a gum wrapper, thrown from the passenger side of the vehicle.

The officers then radioed marked police cruisers with this information to make a stop based on the littering violation.  Officers Davis and Brogan initiated the stop in separate police cruisers at the Shell gas station at 4201 Vine Street.  Officer Brogan approached the driver's side of the Caprice, while Officer Davis approached the passenger, Alexandra Varner.  Officer Brogan, a canine officer, alleges that as he briefly talked with Defendant, who was the driver, he detected the strong odor of marijuana.  Officer Brogan then had Defendant exit the vehicle, searched Defendant at the side of the vehicle, and then again at the rear of the vehicle.  Officers Brogan and Davis testified that they talked with Defendant about the smell of marijuana.  Although this conversation was not recorded by the Mobile Vehicle Recorder

("MVR") tape taken from Officer Davis's cruiser, a conversation between the Officers and Defendant unsuccessfully asking Defendant for consent to search his vehicle and informing Defendant that as a parolee, he could be searched at anytime, was audible on the MVR. The MVR from Officer Brogan's vehicle was not available.

Officer Davis asked Varner to exit the vehicle, and then proceeded to search the vehicle. A search of the glove box yielded a loaded Hi-Point, Model CF, .380 caliber pistol. Officers Bode, Vogelpohl, and Brogan assisted in the search of the complete vehicle, but found no other contraband. Defendant was arrested and placed in Officer Davis' cruiser. The vehicle was released to Varner.

Officer Davis testified that Defendant made a statement about the gun during transport to the police station, and a small amount of cocaine was found on Defendant's person during in-processing.

**II. Analysis**

The Supreme Court has held that the "constitutional reasonableness of traffic stops" does not depend "on the actual motivations of the individual officers involved." Whren v. United States, 517 U.S. 806, 812-13 (1996); United States v. Townsend, 305 F.3d 537, 541 (6th Cir. 2002) ("A police officer may effect a traffic stop of any motorist for any traffic infraction, even if the officer's true motive is to detect more extensive criminal conduct"). The undisputed evidence in this case is that the off-

duty officers observed a gum wrapper being thrown from a window of the Caprice, a minor misdemeanor which the Court finds justified the initial traffic stop by Officers Davis and Brogan.

However, an officer must have reasonable suspicion of illegal activity beyond the initial justification for the permissible traffic stop to conduct further detention, search, or seizure. United States v. Perez, 440 F.3d 363, 370 (6th Cir. 2006) ("Once the purpose of [the] traffic stop is completed, an officer may not further detain the vehicle or its occupants unless something that occurred during the traffic stop generated the necessary reasonable suspicion to justify a further detention"); see also United States v. Blair, 2008 WL 1913167 (6th Cir. May 2, 2008), United States v. McDaniel, 2008 WL 2323525 (S.D. Ohio, June 2, 2008). Therefore, the Court must determine whether the Officers possessed reasonable suspicion independent from the littering allegation to warrant the search of Defendant's person and vehicle.

Here, Officers Brogan and Davis testified that the sole justification for the search of Defendant's person and of the vehicle subsequent to the traffic stop was the strong odor of marijuana emanating from the vehicle. In fact, there is case law to support the contention that the detection of a marijuana odor during a traffic stop constitutes probable cause for the search of a vehicle. See, for example, U.S. v. Nicholson, 17 F.3d 1294 (10th Cir. 1994); U.S. v. Cunningham, 51 Fed. Appx. 986 (7th Cir. 2002);

4

U.S. v. Reed, 882 F.2d 147 (5th Cir. 1989). However, the Court is not persuaded by the Officers' testimony. Other than the testimony of Officers Brogan and Davis, none of the evidence submitted supports the government's contention that a marijuana odor emanated from Defendant's vehicle, and in fact some of the evidence contradicts such a finding. First, although Brogan and Davis testified that there was a conversation with Defendant about the marijuana odor while Defendant was positioned at the back of his vehicle, Officer Davis's MVR does not reflect such a conversation, or any mention of a marijuana odor. What Officer Davis's MVR did reflect was a conversation with Defendant in which the officers unsuccessfully asked for Defendant's consent to search the vehicle, and then incorrectly informed him that they could search the car without his consent due to his parole status. And while Officer Brogan's MVR may have provided a more complete audio record of the incident, the Cincinnati Police Department informed the government that the tape no longer existed.

Second, despite a thorough search of the car by no less than four officers- Davis, Brogan, Vogelpohl, and Bode, no marijuana or drug paraphernalia was found inside the vehicle or on Defendant's person. In fact, during his testimony, Officer Bode made no mention of any marijuana odor during his search of the vehicle. Similarly, although Officer Davis testified that he smelled the marijuana, in the Traffic Preparation Report written soon after the

5

incident, Davis wrote that only Officer Brogan detected the odor. Third, although Officer Brogan had a drug-detecting canine in his police cruiser, he chose not to use the canine, even after no marijuana was recovered. The Court does not find Officer Brogan's explanation for not employing the canine credible. Finally, there was no evidence that either Defendant or Varner was impaired, as they would be if either had recently smoked marijuana. In fact, the vehicle was released to Varner, and therefore the officers must have had no concern as to her sobriety. When viewed in total, the Court is not persuaded that Defendant's vehicle emanated a strong smell of marijuana at the time of the stop on January 9, 2005.

It follows that because the Officers conceded that they were not in fear for their safety and that the marijuana odor was the sole justification for their search of Defendant and his vehicle, there existed no independent cause for the search. While the initial stop may have been legitimate, the Court does not find that something occurred during the traffic stop which generated the necessary reasonable suspicion to justify the search of Defendant's person and vehicle. Perez, 440 F.3d at 370.

### III. Conclusion

The Court finds the search of Defendant's vehicle a violation of the Fourth Amendment, and therefore suppresses the firearm found in the glove box, as well as any subsequent statements, and the cocaine found on Defendant's person during in-processing. For the


foregoing reasons, the Court GRANTS Defendant's Motion to Suppress (doc. 12).

       SO ORDERED.

Date: September 10, 2008       <u>s/S. Arthur Spiegel</u>
                                           S. Arthur Spiegel
                                           United States Senior District Judge